Robert Waller, Administrator Kansas Board of Emergency Services 900 SW Jackson, Suite 1031 Topeka, Kansas 66612
Dear Mr. Waller:
As Administrator of the Kansas Board of Emergency Medical Services, you ask whether a physician may lawfully authorize an attendant to perform medical procedures that extend beyond the statutorily authorized activities for that attendant level, whether by direction, supervision, order, referral, acceptance of responsibility for, entering into practice protocols with, or delegation.
In order to respond, this issue must be addressed from two directions: that of the laws regulating physicians and that of the laws regulating attendants.
 Healing Arts Act
Turning first to the Healing Arts Act, one statute directly addresses the issue raised:
 "Every responsible licensee [of the Board of Healing Arts] who directs, supervises, orders, refers, accepts responsibility for, enters into practice protocols with, or delegates acts which constitute the practice of the healing arts to other persons shall:
 . . . .
 "(3) direct, supervise, order, refer, enter into a practice protocol with, or delegate to such persons only those acts and functions which the responsible licensee [of the Board of Healing Arts] knows or has reason to believe such person is competent and authorized by law to perform."[1]
Attorney General Opinion No. 2000-26 addressed this statute which had been enacted in 1998, noting that it did not preclude delegation generally but did reinforce the supervisory role of the physician. Specifically addressing the "authorized by law to perform" phrase, Attorney General Carla J. Stovall's opinion stated:
 "Most probably, that phrase refers back to the phrase `enter into a practice protocol with,' to prohibit a physician from entering into a practice protocol with an advanced registered nurse practitioner that would exceed that practitioner's normal scope of practice."
Pursuant to that opinion, at the minimum it would be improper for a physician to enter a protocol authorizing attendants to perform procedures that fall outside the attendants' statutorily authorized activities. However, there does not appear to be any reason to limit the phrase "authorized by law to perform" only to practice protocols. The phrase "authorized by law to perform" refers back to "direct, supervise, order, refer, accept responsibility for, enter into a practice protocol with, or delegate," thus limiting a physician from directing, supervising, ordering, referring, accepting responsibility for, entering into a practice protocol with, or delegating activities that would exceed an attendant's authorized scope of practice, i.e., the activities an attendant is authorized by law to perform. Nevertheless, due to the nature of the various levels of attendants' authorized activities, our analysis cannot conclude at this point.
Before proceeding, we do note two aspects of physician unprofessional conduct: "delegating professional responsibilities to a person when the licensee [of the Board of Healing Arts] knows or has reason to know that such person is not qualified by training, experience or licensure to perform them,"[2] and "failing to properly supervise, direct or delegate acts which constitute the healing arts to persons who perform professional services pursuant to such licensee's direction, supervision, order, referral, delegation or practice protocols." It thus appears that a physician, who directs, supervises, orders, refers, enters into a practice protocol with, or delegates activities to an attendant that extends or exceeds the attendant's statutorily authorized activities, risks disciplinary action by the Board of Healing Arts.
 EMS Attendant Authorized Activities
In relation to attendants certified by the Board of Emergency Medical Services, five statutes set out the authorized activities, or scope of practice, for each level of attendant certification.
A first responder is authorized to perform any of a specific list of activities.[3]
An emergency medical technician (EMT) is authorized to perform any of a more extensive specific list of activities.[4] An EMT is also authorized to perform additional specific activities when authorized by a medical protocol.[5] Finally, during non-emergency transportation of a patient, an EMT may perform the more extensive specific list of activities only when so authorized by medical protocols.[6]
An emergency medical technician-defibrillator (EMT-D) is authorized to perform any of the activities that an EMT may perform[7], as well as electrocardiographic monitoring and defibrillation pursuant to medical protocols and with continuous voice contact with a physician.[8]
Additionally, during an emergency an EMT-D may perform electrocardiographic monitoring and defibrillation without voice contact with a physician when specifically authorized to do so by a medical protocol.[9] Finally, during non-emergency transportation of a patient, an EMT may perform any of the foregoing activities when specifically authorized by medical protocols.[10]
An emergency medical technician-intermediate (EMT-I) may also perform any of the activities that an EMT may perform,[11] as well as veni-puncture for specified purposes[12] if acting pursuant to medical protocols and with continuous voice contact with a physician.[13]
Additionally, during an emergency an EMT-I may perform veni-puncture for those purposes without voice contact with a physician when specifically authorized to do so by a medical protocol.[14] Finally, during non-emergency transportation of a patient, an EMT-I may perform any of the foregoing activities when specifically authorized by medical protocols.[15]
A mobile intensive care technician (paramedic) may perform any of the activities that an EMT may perform, as well as cardiopulmonary resuscitation and defibrillation.[16] Additionally, if acting pursuant to medical protocols and with continuous voice contact with a physician,[17] a paramedic may administer any medications or performany procedures that the physician may order.[18] During an emergency a paramedic may administer any medications or perform any activities when specifically authorized to do so by a medical protocol.[19] During non-emergency transportation, a paramedic may perform any of the foregoing activities when specifically authorized by medical protocols.[20]
 Medical Protocols and Orders of a Physician
To address the issue from the Emergency Medical Services Act (EMS Act) perspective, an understanding of the meaning of "medical protocol" is in order:
 "`Medical protocols' means written guidelines which authorize attendants to perform certain medical procedures prior to contacting a physician, or professional nurse authorized by a physician. These protocols shall be developed and approved by a county medical society or, if there is no county medical society, the medical staff of a hospital to which the ambulance service primarily transports patients."[21]
As noted, an attendant at each level is authorized by a specific statute to perform certain medical activities. Additionally, an EMT, an EMT-D and an EMT-I are authorized to perform specified additional medical activities if acting pursuant to a medical protocol. Since these protocols are "authorized by statute," an EMT, an EMT-D or an EMT-I who performs an activity pursuant to such a protocol would be in compliance with the statute. During non-emergency transport, an EMT, an EMT-D and an EMT-I may perform statutorily authorized activities only if specifically authorized by a medical protocol. In the absence of a medical protocol, an EMT, an EMT-D and an EMT-I are constrained to perform only those statutorily specified activities.
A paramedic is also authorized by a specific statute to perform certain medical activities. Also, a paramedic is authorized to performany additional medical activities during an emergency before contacting a physician if acting pursuant to a medical protocol. Further, if direct communication is maintained with a physician,[22] a paramedic may administer such medications or procedures that the physician orders as deemed necessary. During non-emergency transport, as with the other attendants, a paramedic may perform statutorily authorized activities only if specifically authorized by a medical protocol.
In relation to these levels of authorized activities, allowing for the provisions for performing activities pursuant to medical protocols and for paramedics performing activities pursuant to a physician's order, the EMS Act allows the EMS Board to revoke, limit, modify or suspend an attendant's certificate if an attendant:
 "[H]as performed or attempted to perform activities not authorized by statute at the level of certification held by the individual."[23]
The regulation defining unprofessional conduct reiterates the same prohibition.[24]
Consequently, an EMS attendant risks disciplinary action by the EMS Board if he or she performs activities beyond the statutorily authorized activities for the attendant's level. However, it must be quickly added that, except for first responders, authorized activities include performance of some specified activities pursuant to medical protocols; and for paramedics, authorized activities also include administration of such medications or procedures deemed necessary by a physician with whom the paramedic is in direct communication.
In summary and in response to your question, a physician may not lawfully authorize a first responder to perform medical procedures that extend beyond the statutorily authorized activities for that attendant level, whether by direction, supervision, order, referral, acceptance of responsibility for, entering into practice protocols with, or delegation.
A physician may lawfully authorize an EMT, an EMT-D, and an EMT-I to perform statutorily specified medical procedures that extend beyond the list of authorized activities for those attendant levels by entering into practice protocols with such attendants, but may not otherwise authorize such attendants to perform medical procedures that extend beyond those activities for that attendant level. During non-emergency transport of patients, an EMT, an EMT-D and an EMT-I may perform statutorily authorized activities only when specifically authorized to perform such activities by medical protocols.
A physician may lawfully authorize a paramedic to perform any medical procedures that extend beyond the specific authorized activities for that attendant level by entering into practice protocols with such attendant, and additionally may order a paramedic to administer any medications or perform procedures the physician deems necessary if direct communication is maintained. During non-emergency transport of patients, a paramedic may perform statutorily authorized activities only when specifically authorized to perform such activities by medical protocols.
Sincerely,
 Stephen N. Six Attorney General
 Camille Nohe Assistant Attorney General
SNS:MF:CN:jm
[1] K.S.A. 2007 Supp. 65-28,127(a) (emphasis added).
[2] K.S.A. 2007 Supp. 65-2837(b)(26).
[3] K.S.A. 65-6144(a) ("[i]nitial scene management including, but not limited to, gaining access to the individual in need of emergency care, extricating, lifting and moving the individual; (b) cardiopulmonary resuscitation and airway management; (c) control of bleeding; (d) extremity splinting excluding traction splinting; (e) stabilization of the condition of the individual in need of emergency care; (f) oxygen therapy; (g) use of oropharyngeal airways; (h) use of bag valve masks; (i) use of automated external defibrillators; and (j) other techniques of preliminary care a first responder is trained to provide as approved by the board.")
[4] K.S.A. 65-6121(a) ("[p]atient assessment and vital signs; (b) airway maintenance including the use of: (1) Oropharyngeal and nasopharyngeal airways; (2) esophageal obturator airways with or without gastric suction device; (3) multi-lumen airway; and (4) oxygen demand valves; (c) Oxygen therapy; (d) oropharyngeal suctioning; (e) cardiopulmonary resuscitation procedures; (f) control accessible bleeding; (g) apply pneumatic anti-shock garment; (h) manage outpatient medical emergencies; (i) extricate patients and utilize lifting and moving techniques; (j) manage musculoskeletal and soft tissue injuries including dressing and bandaging wounds or the splinting of fractures, dislocations, sprains or strains; (k) use of backboards to immobilize the spine; (l) administer syrup of ipecac, activated charcoal and glucose; (m) monitor peripheral intravenous line delivering intravenous fluids during interfacility transport with the following restrictions: (1) The physician approves the transfer by an emergency medical technician; (2) no medications or nutrients have been added to the intravenous fluids; and (3) the emergency medical technician may monitor, maintain and shut off the flow of intravenous fluid; (n) use automated external defibrillators.")
[5] K.S.A. 65-6121(o) ("[a]dminister epinephrine auto-injectors provided that: (1) [t]he emergency medical technician successfully completes a course of instruction approved by the board in the administration of epinephrine; and (2) the emergency medical technician serves with an ambulance service or a first response organization that provides emergency medical services; and (3) the emergency medical technician is acting pursuant to medical protocols; or (q) whenauthorized by medical protocol, assist the patient in the administration of the following medications which have been prescribed for that patient: Auto-injection epinephrine, sublingual nitroglycerin and inhalers for asthma and emphysema.") (Emphasis added.)
[6] K.S.A. 65-6121(p) ("[p]erform, during nonemergency transportation, those activities specified in this section when specifically authorizedto perform such activities by medical protocols.)
[7] K.S.A. 2007 Supp. 65-6123(a).
[8] K.S.A. 2007 Supp. 65-6123(b). Alternatively, voice contact may be maintained with a physician assistant where authorized by a physician or a licensed professional nurse where authorized by a physician.
[9] K.S.A. 2007 Supp. 65-6123(c).
[10] K.S.A. 2007 Supp. 65-6123(d).
[11] K.S.A. 2007 Supp. 65-6120(a).
[12] K.S.A. 2007 Supp. 65-6120(b) ("[m]ay perform veni-puncture for the purpose of blood sampling collection and initiation and maintenance of intravenous infusion of saline solutions, dextrose and water solutions or ringers lactate IV solutions, endotracheal intubation and administration of nebulized albuterol.")
[13] K.S.A. 2007 Supp. 65-6120(b). Alternatively, voice contact may be maintained with a physician assistant where authorized by a physician or licensed professional nurse where authorized by a physician.
[14] K.S.A. 2007 Supp. 65-6120(c).
[15] K.S.A. 655-6120(d).
[16] K.S.A. 2007 Supp. 65-6119(a) and (b).
[17] K.S.A. 2007 Supp. 65-6119(c). Alternatively, voice contact may be maintained with a physician assistant where authorized by a physician or licensed professional nurse where authorized by a physician.
[18] K.S.A. 2007 Supp. 65-6119(c).
[19] K.S.A. 2007 Supp. 65-6119(d).
[20] K.S.A. 2007 Supp. 65-6119(e).
[21] K.S.A. 65-6112(n).
[22] Alternatively, a physician assistant or licensed professional nurse authorized by a physician under specified circumstances. K.S.A. 2007 Supp. 65-6119(c).
[23] K.S.A. 65-6133(a)(2).
[24] Unprofessional conduct includes "performing acts beyond the activities authorized for the level at which the individual is certified." K.A.R. 109-1-1(nn)(2).